# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBER LANN PITTMAN,<br><br>         Petitioner,<br><br>v.<br><br>CALIFORNIA REHABILITATION, et al.,<br><br>         Respondents. | Civil No.   10cv0535-BTM (CAB)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). For the following reasons, the Court denies the application to proceed in forma pauperis and dismisses the Petition without prejudice.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is incomplete because Petitioner has not provided the Court with sufficient information to determine his financial status. A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution. Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2. Petitioner has failed to submit a certified copy of his inmate trust account statement. Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

# FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has incorrectly named as Respondents "California Rehabilitation," the prison where he is currently incarcerated, and what appears to be six correctional officers and/or judges. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

# PROPER FORM OF ACTION

Petitioner filed this action seeking habeas relief under 28 U.S.C. §§ 2254. However, this action appears to be the type brought in a civil rights Complaint pursuant to 42 U.S.C. § 1983, rather than a habeas action, in that Petitioner "seeks trillions of dollars" against the defendants, as well as injunctive relief, but does not challenge the fact or duration of his confinement or seek an immediate or speedier release from custody.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Court considered the potential overlap between federal habeas actions under 28 U.S.C. § 2254 and challenges to the conditions of

confinement pursuant to 42 U.S.C. § 1983. The Court held that habeas is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that confinement, even though the claim may also come within the literal terms of section 1983. Id. at 488-500. On the other hand, a section 1983 action is a proper avenue for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499.

The Supreme Court has therefore concluded that state prisoners must use habeas corpus "when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and that claims which, if successful, would not entitle Petitioner to release from custody, are cognizable under section 1983. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997); see also Mayle v. Felix, 545 U.S. 644. 671 n.4 (2005) ("the single, defining feature setting habeas cases apart from other tort claims against the State is that they 'necessarily demonsrat(e) the invalidity of the conviction.'") (quoting Heck v. Humphrey, 512 U.S. 477, 481-82 (1994).) In Edwards the Court found that a prisoner's claim for an injunction barring future unconstitutional procedures did not fall within federal habeas. Id. at 648. In addition, monetary damages are not an available remedy in a habeas action. Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser, 411 U.S. at 493.

Accordingly, because Petitioner is not seeking immediate or speedier release from custody, but is seeking monetary damages and prospective injunctive relief, his claim should be brought, if at all, in a civil rights action pursuant to 42 U.S.C. § 1983. The Court has discretion to construe the Petition as a civil rights Complaint. See Willwording v. Swenson, 404 U.S. 249, 251 (1971) (holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superceded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). However, because Petitioner has not articulated the

basis for his claim of monetary damages against the Defendants, the Court will not construe his Petition as a civil rights Complaint. Even were the Court to construe this action as a civil rights Complaint it would be subject to dismissal because Petitioner has not alleged any facts supporting his claim for relief. Petitioner is free to file a separate civil rights action pursuant to § 1983, if he wishes, in which he articulates the factual basis for his claim against the defendants. However, Petitioner must exhaust all available administrative remedies before bringing any claims under § 1983.

## CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's Motion to proceed in forma pauperis is **DENIED**. The Petition is **DISMISSED** for failure to satisfy the filing fee requirement and failure to name a proper respondent. The dismissal is without prejudice to Petitioner to proceed in a separate civil rights Complaint filed pursuant to 42 U.S.C. § 1983, if he wishes, which will be given a separate civil case number.

**IT IS SO ORDERED.**

DATED: April 8, 2010

Honorable Barry Ted Moskowitz
United States District Judge